STATE OF HAWAII, Plaintiff-Appellee, *v.* DANIEL
JAMES ERICKSON, Defendant-Appellant

NO. 5990

NOVEMBER 15, 1978

RICHARDSON, C.J., KOBAYASHI, OGATA,
MENOR AND KIDWELL, JJ.

*Per Curiam.* Appellant was convicted upon a charge of
promoting a detrimental drug in the first degree in violation of
HRS § 712-1247(1)(f), in that he "did knowingly and unlaw-
fully distribute . . . marijuana." The trial court ordered the
State to furnish a bill of particulars showing the time, place
and manner of distribution; what acts constituted distribu-
tion; and to whom the specific act of distribution took place.
The State furnished a bill of particulars which stated that:
"Defendant offered or agreed to sell Sgt. Howard Tagomori,
Maui Police Department, Vice Division, three 'lids' of mari-
juana for $45.00". The bill of particulars also set forth the
alleged time and place of the offense.

At trial, Sgt. Tagomori testified that he met appellant at
the home of a police informant, who introduced the officer as
the informant's probation officer. The officer asked the ap-
pellant to "get me some marijuana". Appellant said he could
get three lids or bags of marijuana for $45 and produced a
sample, but insisted that it would be necessary for the officer
to provide the money first. Officer Tagomori then went to the

police station and obtained $45 with which he returned to the informant's home and which he delivered to appellant. Appellant left and was gone for approximately 45 minutes, after which he returned and redelivered the $45 to the officer, saying he did not want to "do the trip" and was "getting bad vibes". Officer Tagomori thereupon arrested him. From the testimony of another police officer assigned to maintain surveillance on appellant, it appeared that appellant became aware that he was under observation after he left the house.

Appellant presented no evidence and moved for judgment of acquittal both at the close of the prosecution's case and after a jury verdict of guilty. The jury had been instructed that the offense charged would be committed by a person who knowingly and unlawfully offers or agrees to sell marijuana in the prescribed amount to another. No effort was made by the State to amend the bill of particulars.

Appellant contends that no offer or agreement to sell may be found from the evidence. He further contends that the offense charged cannot here be proved by evidence of an offer or agreement to perform any other act within the statutory definition of "distribute". We agree.

The State seeks to support the conviction by reference to the definition of "distribute", contained in HRS § 712-1240(11). Acts "to sell, transfer, give, or deliver to another, or to leave, barter or exchange with another, or to offer or agree to do the same" are included in the statutory definition. However broad this definition, the bill of particulars confined the State to proof that appellant "offered or agreed to sell" the marijuana and prevented the State from proving an offer or agreement to deliver the marijuana. After a bill of particulars is ordered furnished and is filed by the State and until it is properly amended, the State is limited to proving the particulars specified in the bill. *Commonwealth v. Simione*, 447 Pa. 473, 477, 291 A.2d 764, 766 (1972); *United States v. Neff*, 212 F.2d 297, 309 (3d Cir. 1954), 2 Wharton's Criminal Procedure § 355 (12 ed. 1975), 1 Wright, Federal Practice and Procedure: Criminal § 129 (1969). Unimportant variances between the proof and a bill of particulars have been ignored. The variance in proof which is under question here is fundamental in nature

and, if permitted, would render the bill of particulars meaningless in an essential respect.

Appellant's motion for judgment of acquittal presented the question whether the evidence summarized above was sufficient to sustain a conviction. H.R.Cr.P. Rule 29(a), (effective when this case was tried and identical in Hawaii Rules of Penal Procedure). We have said repeatedly that we will not disturb the ruling of a trial court in denying a motion for judgment of acquittal if the evidence is such that a reasonable mind might fairly conclude guilt beyond a reasonable doubt. See *State v. Kelsey,* 58 Haw. 234, 236, 566 P.2d 1370, 1371 (1977). In order to meet that test here, the evidence must be sufficient to enable a reasonable mind to conclude beyond a reasonable doubt that appellant offered or agreed to sell the drug to Sgt. Tagomori.

As defined in HRS § 712-1240(12), "to sell" means "to transfer to another for consideration". In order to provide proof of appellant's guilt under the charge as limited by the bill of particulars, the evidence was required to show that appellant offered or agreed to transfer the drug to Sgt. Tagomori for a consideration. We agree with the substantial body of cases which have held that to sell does not mean to buy and that one who acts as the agent of the buyer to effect a purchase of a drug with the buyer's funds does not commit the offense of selling the drug. *Commonwealth v. Simione, supra; Commonwealth v. Harvard,* 356 Mass. 452, 456, 253 N.E.2d 346, 348 (1969); *People v. Turner,* 38 Mich. App. 479, 487, 196 N.W.2d 799, 803 (Ct. App. 1972); *Roy v. State,* 87 Nev. 517, 519, 489 P.2d 1158, 1159 (1971).

Thus, the "procuring agent" defense which we held in *State v. Kelsey, supra* at 239, 566 P.2d at 1373, to be unavailable under a charge of distributing a drug is available to appellant under a charge of selling a drug. In *Kelsey,* the defendant was charged with the knowing and illegal distribution of a dangerous drug. That charge permitted proof of any act which fell within the statutory definition of "distribute" contained in HRS § 712-1240(11). As a consequence, although the evidence showed that the defendant had not acted for himself but for an undercover police agent, he was

not entitled to a judgment of acquittal.

Here, the State was limited by the bill of particulars to proving a "sale", as defined in HRS § 712-1240(12), or an agreement to sell. The evidence presented to the jury in this case did not support an inference that appellant was associated with the supplier in promoting sales of marijuana or participated in the proceeds of such sales. Thus, the evidence did not permit a finding that appellant offered or agreed to sell marijuana to Sgt. Tagomori and the motion for judgment of acquittal should have been granted. No need appears to consider other contentions advanced by appellant.[1] The judgment is reversed and the case is remanded with instructions to enter a judgment of acquittal.

*Meyer M. Ueoka (Ueoka, Luna & Romanchak* of counsel) for defendant-appellant.

*John Tam (Steven R. Scott* on the brief) Deputy County Attorneys, County of Maui, for plaintiff-appellee.

---

[1] Sgt. Tagomori testified that appellant was initially hesitant to get marijuana for him, but became compliant when told by the officer: "Even probation officers smoke marijuana". Appellant's requested entrapment instruction, under HRS § 702-237, was refused. We note that a substantial question exists whether the conduct of the officer constituted the employment of a method "of persuasion or inducement which created a substantial risk that the offense would be committed by persons other than those who are ready to commit it". HRS § 702-237(1)(b).