896 P.2d 944

STATE of Hawai'i, Plaintiff–Appellee,

v.

Ok Sun RULLMAN, Defendant–Appellant.

No. 16389.

Intermediate Court of Appeals of Hawai'i.

May 25, 1995.

Dennis W. Jung, on the brief, Honolulu, for defendant-appellant.

Patricia A. Loo, Deputy Pros. Atty., on the brief, Honolulu, for plaintiff-appellee.

Before BURNS, C.J., and WATANABE and ACOBA, JJ.

BURNS, Chief Judge.

Defendant Ok Sun Rullman (Rullman) appeals the circuit court's July 31, 1992 Judgment, after a jury trial, finding her guilty of Promoting a Detrimental Drug in the First Degree, Hawai'i Revised Statutes (HRS) § 712–1247(1)(h) (Supp.1992). The circuit court sentenced Rullman to pay a $500 fine. We reverse.

Viewed most favorably to the State, the evidence is as follows. On December 7, 1989, Officer Sean Naito (Officer Naito) of the Honolulu Police Department, Narcotics Vice Division, working undercover, was assigned to investigate the China Bar on North Hotel Street. Officer Naito was at the bar for about twenty-five minutes when Rullman introduced herself, sat down next to him, and asked him if he would buy her a drink. He did so at a cost of $10. After Officer Naito and Rullman talked for a while, Rullman asked Officer Naito to buy her another drink. He agreed.

Rullman asked Officer Naito what he was doing there. He responded that he was looking to buy a "bag." Officer Naito understood a "bag" to mean "a gross quantity of marijuana, which is basically unrolled." Rullman then asked if he wanted some. Officer Naito asked if Rullman could get some, and she nodded her head. In response to Officer Naito's inquiry, Rullman responded that the bag would cost "30." Officer Naito agreed to the price.

In a foreign language, Rullman called over another woman, named "Choy." After speaking with Choy, Rullman told Officer Naito that Choy would get the bag for him. Officer Naito then handed $40 directly to Choy. Choy asked Officer Naito if he would buy her a drink. Officer Naito understood that to mean that Choy would use his change to buy the drink. Choy said she would have to go around the block on King Street to pick up the marijuana. She left and returned to the bar with the bag while Officer Naito and

Rullman were still sitting at the bar talking. Approaching Officer Naito and Rullman, Choy directly handed Officer Naito a clear, heat-sealed packet containing 0.86 grams of marijuana. After Officer Naito pocketed the packet, Rullman and Choy asked Officer Naito to buy them more drinks. He refused and walked out of the bar.

Rullman moved for a judgment of acquittal under Hawai'i Rules of Penal Procedure (HRPP) Rule 29 after the conclusion of the State's evidence (First Motion) and after the conclusion of all evidence (Second Motion). On appeal, Rullman contends, *inter alia*,[1] that both motions for judgment of acquittal should have been granted. However, when Rullman introduced evidence after her First Motion was denied, Rullman waived any error in the denial. *State v. Halemanu*, 3 Haw.App. 300, 303, 650 P.2d 587, 591 (1982). Therefore, we will consider only the Second Motion.

■ When reviewing the trial court's denial of a defendant's motion for judgment of acquittal, the appellate court must view the evidence in the light most favorable to the State and determine whether, giving full play to the factfinder's right to weigh the evidence, determine credibility, and draw justifiable inferences of fact, a reasonable mind might fairly conclude guilt beyond a reasonable doubt. *State v. Yamashiro*, 8 Haw.App. 595, 597, 817 P.2d 123, 125 (1991).

■ The State was not barred from arguing accomplice liability because a person named as a principal in an indictment can be convicted as an accomplice even without the State articulating separate accomplice allegations in the indictment. *See State v. Albano*, 67 Haw. 398, 405, 688 P.2d 1152, 1157 (1984). HRS § 702-222(1)(b) (1985) provides as follows:

**Liability for conduct of another; complicity.** A person is an accomplice of an-

other person in the commission of an offense if:

(1) With the intention of promoting or facilitating the commission of the offense, he [or she];

\* \* \* \* \* \*

(b) Aids or agrees or attempts to aid the other person in planning or committing it; ...

\* \* \* \* \* \*

Rullman was convicted of violating HRS § 712-1247(1)(h). HRS § 712-1247(1) states in relevant part as follows:

**Promoting a detrimental drug in the first degree.** (1) A person commits the offense of promoting a detrimental drug in the first degree if the person knowingly:

\* \* \* \* \* \*

(f) Distributes one or more preparations, compounds, mixtures, or substances of an aggregate weight of one ounce or more, containing any marijuana; or

\* \* \* \* \* \*

(h) Sells or barters any marijuana ... in any amount.

\* \* \* \* \* \*

HRS § 712-1240 (1985) defines "to sell" as "to transfer to another for consideration."

The HRS does not define the word "barters." However, the definition given in *Webster's Third New International Dictionary* 180 (1981) is "to trade by exchanging one commodity for another." *Black's Law Dictionary* 151 (6th ed. 1990) defines "barter" as "[t]he exchange of goods and productive services for other goods and productive services, without the use of money."

HRS § 712-1240 (1985) defines "to distribute" as "to sell, transfer, prescribe, give, or deliver to another, or to leave, barter, or exchange with another, or to offer or agree to do the same."

---

1. Rullman also contends: (1) a jury communication on accomplice liability "suggested that it was acceptable to ignore the elements of [Promoting a Detrimental Drug in the First Degree,]" (2) the trial court erred when it refused to allow the jury foreperson to testify at the hearing on Rullman's Motion for Reconsideration of Denial of Judgment of Acquittal and Motion for Reconsideration of Denial of New Trial, (3) the trial court erred in refusing to admit an exhibit at the hearing for the Motion for Reconsideration of Denial of Motion for a New Trial, and (4) the trial court should have granted a new trial. Our opinion moots these other points on appeal.

In other words, HRS § 712–1247(1)(f) proscribes every act that HRS § 712–1247(1)(h) proscribes and more. However, the State did not charge Rullman with violating HRS § 712–1247(1)(f) by distributing[2] one or more ounces of a substance containing marijuana. It charged that she did "knowingly sell or barter any marijuana in any amount, thereby committing the offense of Promoting a Detrimental Drug in the First Degree, in violation of Section 712–1247(1)(h) of the Hawai'i [Hawai'i] Revised Statutes."

Rullman contends that "[t]here was no evidence introduced at trial to show that Rullman was either selling or helping to sell marijuana. Although it is unlawful to sell marijuana, buying or helping to buy marijuana is not an offense under Promoting a Detrimental Drug in the First Degree." We agree. The Hawai'i Supreme Court has stated:

> We agree with the substantial body of cases which have held that to sell does not mean to buy and that one who acts as the agent of the buyer to effect a purchase of a drug with the buyer's funds does not commit the offense of selling the drug.

*State v. Erickson*, 60 Haw. 8, 10, 586 P.2d 1022, 1024 (1978) (citations omitted).

In other words, the procuring agent defense, which is more accurately described as the procuring agent for the buyer defense, is a defense against a charge of selling a drug.

The State argues that the procuring agent for the buyer defense is not available against a charge of bartering a drug. We disagree. To sell a drug is to transfer it to another for any kind of consideration. To barter a drug is to transfer it to another for a kind of consideration other than money. Thus, bartering a drug is a type of sale; exchanging is similar.

The State argues that the procuring agent for the buyer defense is not available to a defendant who is the buyer's accomplice. We disagree. The procuring agent for the buyer is the buyer's accomplice.

Viewing the evidence in the light most favorable to the State, a reasonable mind could not have fairly concluded Rullman's guilt beyond a reasonable doubt of Promoting a Detrimental Drug in the First Degree by selling or bartering any marijuana in any amount. Therefore, the trial court should have granted Rullman's HRPP Rule 29 motion for a judgment of acquittal of the charge of Promoting a Detrimental Drug in the First Degree.

When there is a rational basis in the evidence for acquitting the defendant of the offense charged and convicting the defendant of a lesser included offense, it is plain error for the trial judge not to comply with the following procedure:

> The trial judge must bring all included offense instructions that are supported by the evidence to the attention of the parties. The trial judge must then give each such

---

**2.** The Hawai'i Supreme Court has concluded that to distribute does not include to buy or to offer to buy. *State v. Aluli*, 78 Hawai'i 317, 893 P.2d 168, 175 (1995). Thus, merely being the procuring agent for the buyer is not distributing.

The procuring agent for the buyer defense is available against the following underlined kinds of distributing but not against the following non-underlined kinds of distributing: offering to, agreeing to, or actually <u>selling,</u> transferring, prescribing, giving, or delivering to another, or leaving, <u>bartering,</u> or <u>exchanging</u> with another. Notwithstanding the possibility that the defendant charged with distributing can be convicted of distributing for offering to, agreeing to, or actually selling, bartering, or exchanging, and because of the possibility that the defendant charged with distributing can be convicted of distributing for offering to, agreeing to, or actually transferring, prescribing, giving, or delivering to another, or

leaving with another, however, *State v. Kim*, 71 Haw. 134, 138–39, 785 P.2d 941, 943 (1990), and *State v. Kelsey*, 58 Haw. 234, 240, 566 P.2d 1370, 1373–74 (1977), concluded that the procuring agent defense is unavailable against a charge of distributing. *Kim* decided that the procuring agent for the buyer defense is unavailable against a charge of distributing unless the prosecution furnishes the defendant with a bill of particulars specifically alleging that the manner in which the defendant distributed the drug was by selling it. *State v. Reed*, 77 Hawai'i 72, 79, 881 P.2d 1218, 1225–26 (1994), decided that the defendant cannot force the state to furnish such a bill of particulars. *Kim* also decided that the defendant does not have a right to a special interrogatory to the jury to determine whether the distribution that it found was a distribution by sale rather than a distribution by one or more other means.

instruction to the jury unless (1) the prosecution does not request that included instructions be given and (2) the defendant specifically objects to the included offense instructions for tactical reasons. If the prosecution does not make a request and the defendant makes a tactical objection, the trial judge must then exercise his or her discretion as to whether the included offense instructions should be given. The trial judge's discretion should be guided by the nature of the evidence presented during the trial, as well as the extent to which the defendant appears to understand the risks involved.

*State v. Kupau,* 76 Hawai'i 387, 395–96, 879 P.2d 492, 500–01 (1994) (citations omitted).

■ In Rullman's case, however, no included offense instructions were supported by the evidence.

HRS § 712–1248(1)(d) (Supp.1992) states in relevant part as follows:

**Promoting a detrimental drug in the second degree.** (1) A person commits the offense of promoting a detrimental drug in the second degree if the person knowingly:

\* \* \* \* \* \*

(d) Distributes any marijuana ... in any amount.

HRS § 712–1248(1)(d) is a lesser included offense of HRS § 712–1247(1)(f). The relevant question is whether HRS § 712–1248(1)(d) (distributing) is a lesser included offense of HRS § 712–1247(1)(h) (selling or bartering). The only possibility is the type of lesser included offense that is described in HRS § 701–109(4) (1985), which states in relevant part as follows:

(4) A defendant may be convicted of an offense included in an offense charged in the indictment or the information. An offense is so included when:

(a) It is established by proof of the same or less than all the facts required to establish the commission of the offense charged[.]

 As we have noted above, HRS § 712–1240's definition of to distribute includes to prescribe. Since to sell and to barter do not include to prescribe, HRS § 712–1248(1)(d) (distributing) is not a lesser included offense of HRS § 712–1247(1)(h) (selling or bartering).

Accordingly, we reverse the circuit court's July 31, 1992 Judgment.