STATE OF HAWAII, Plaintiff-Appellee, *v.* WARREN T. WILLI-AMS, Defendant-Appellant

NO. 9911

(CRIMINAL NO. 59060)

SEPTEMBER 13, 1985

BURNS, C.J., HEEN AND TANAKA, JJ.

OPINION OF THE COURT BY BURNS, C.J.

Defendant Warren T. Williams was charged with burglary in the first degree in violation of Hawaii Revised Statutes (HRS) § 708-810(1)(c) (1976).[1] A jury found Williams guilty as charged. He appeals the trial court's refusal to give Defendant's Requested Instruction No. 6 (Defendant's No. 6). We affirm.

Defendant's No. 6 reads as follows:

If you are not satisfied beyond a reasonable doubt that the Defendant is guilty of the offense charged, you may find him guilty

---

[1]Section 708-810(1)(c) provides:

Burglary in the first degree. (1) A person commits the offense of burglary in the first degree if he intentionally enters or remains unlawfully in a building, with intent to commit therein a crime against a person or against property rights, and:

\* \* \*

(c) He recklessly disregards a risk that the building is the dwelling of another, and the building is such a dwelling.

of any offense which is necessarily included in the offense charged, provided the evidence is sufficient to establish his guilt of such included offense beyond a reasonable doubt.

A lesser-included offense to the charge of Burglary in the First Degree is Criminal Trespass in the First Degree.

There are three material elements to this offense, each of which must be proven beyond a reasonable doubt:

1. The Defendant entered or remained in a dwelling;
2. He did so knowingly;
3. He did so unlawfully.

You will notice that this offense differs from the charge of Burglary in the First Degree in that the specific intent to commit a crime against property rights in the building need not be shown.

Since the jury was satisfied beyond a reasonable doubt that Williams was guilty of the offense charged, the jury would not have considered whether Williams was guilty of criminal trespass rather than burglary, even if Defendant's No. 6 had been given. However, when a defendant in a criminal case timely asks for a lesser included offense instruction to which he is entitled, it is reversible error not to give it. 2 Wright, Federal Procedure and Practice: *Criminal 2d* § 498 (1982). Otherwise, a defendant would never have the opportunity to appeal the refusal to give the instruction.

Criminal trespass in the first degree is a lesser included offense of burglary in the first degree. However, a lesser included offense instruction need not be given "unless there is a rational basis in the evidence for a verdict acquitting the defendant of the offense charged and convicting him of the included offense." HRS § 701-109(5) (1976).

The primary difference between burglary in the first degree and criminal trespass in the first degree is the presence or absence of an intent to commit in the building a crime against a person or against property rights.

The prosecution's evidence showed that one or more persons unlawfully broke into an Aiea residence (residence), ransacked it, and placed near the front door various items of personal property[2] taken from

---

[2]Microwave oven, jewelry box, camera, and typewriter.

within the residence. Williams, who was apprehended in the vicinity of the residence soon after it had been unlawfully entered, testified that he had mistakenly thought it was a friend's residence, had knocked on the door for awhile, and had left when no one answered.

Thus, the only fact in dispute was whether Williams was the person or one of the persons who unlawfully entered the residence, ransacked it, and placed near the front door various items of personal property taken from within the residence. If Williams is that person or one of those persons, then it follows as does night from day that he entered it with the intent to commit a crime against a person or against property rights. Consequently, there is no rational basis in the evidence to support a finding that Williams knowingly and unlawfully entered the residence without the intent to commit therein a crime against a person or against property rights. Accordingly, the trial court did not err in refusing to give Defendant's No. 6.

Affirmed.

*Adelina A. Simpliciano,* Deputy Public Defender, (*Susan Barr,* Deputy Public Defender, and *David Park,* Law Student Intern, on the brief) for defendant-appellant.

*Ernest J. Freitas, Jr.,* Deputy Prosecuting Attorney, for plaintiff-appellee.