STATE OF HAWAII, Plaintiff-Appellee, *v.* LESLIE DOI, Defendant-Appellant, and MICHAEL ANTHONY RAMIREZ, Defendant

NO. 9945

(CRIMINAL NO. 59463)

NOVEMBER 7, 1985

BURNS, C.J., HEEN AND TANAKA, JJ.

OPINION OF THE COURT BY BURNS, C.J.

Defendant Leslie Doi appeals the trial court's refusal of his request that the jury be allowed to consider the offense of assault in the third degree as an included or related offense of robbery in the first degree.[1] We affirm.

Doi was charged with violating Hawaii Revised Statutes (HRS) § 708-840(1)(b)(i) (Supp. 1984). It provides as follows:

Robbery in the first degree. (1) A person commits the offense of robbery in the first degree if, in the course of committing theft:

\* \* \*

(b) He is armed with a dangerous instrument and:

---

[1]The trial court allowed the jury to consider the offense of robbery in the second degree as an included offense.

(i) He uses force against the person of anyone present with intent to overcome that person's physical resistance or physical power of resistance[.]

Doi contends that the trial court erroneously refused to give Defendant's Supplemental Requested Instruction No. 1 as follows:

If you find that the State has not proven the offense of Robbery in the First Degree, you may consider the lesser charge of Assault in the Third Degree.

There are two material elements to the offense of Assault in the Third Degree, each of which must be proven by the State beyond a reasonable doubt. The elements are:

1. That the Defendants, LESLIE DOI and MICHAEL ANTHONY RAMIREZ, caused bodily injury to RAYMOND MANNING;

2. That they did so intentionally, knowingly or recklessly.

In this case, the offenses of robbery first and second required a finding that Doi or his accomplice used force against Manning. As defined in Doi's proposed instruction, the offense of assault third required a finding that Doi or his accomplice inflicted bodily injury on Manning.

HRS § 701-109(4) (1976) provides as follows:

A defendant may be convicted of an offense included in an offense charged in the indictment or the information. An offense is so included when:

(a) It is established by proof of the same or less than all the facts required to establish the commission of the offense charged; or

(b) It consists of an attempt to commit the offense charged or to commit an offense otherwise included therein; or

(c) It differs from the offense charged only in the respect that a less serious injury or risk of injury to the same person, property, or public interest or a different state of mind indicating lesser degree of culpability suffices to establish its commission.

Under HRS § 701-109(4), an offense whose material elements include the infliction of bodily injury is not included within an offense whose material elements include the use of force but not the infliction of bodily injury.

Alternatively, Doi contends that the jury should have been allowed to consider the offense of assault third as a "lesser related" offense. *See People v. Geiger,* 35 Cal.3d 510, 674 P.2d 1303, 199 Cal. Rptr. 45

(1984).[2] We disagree for two reasons: 1) Hawaii's statutory definition of an included offense is already more expansive than the traditional definition;[3] and 2) In our view, the question of whether the definition of an included offense should be expanded beyond HRS § 701-109(4)'s definition is a matter for legislative, not judicial, action. *See Bissen v. Fujii*, 51 Haw. 636, 466 P.2d 429 (1970).

Affirmed.

*Elvis Pila-Patea*, Deputy Public Defender (*Susan Barr*, Deputy Public Defender on the brief) for appellant.

*Peter M. Wilkens*, Deputy Prosecuting Attorney, for appellee.

---

[2]*See also State v. Oldroyd*, 685 P.2d 551 (Utah 1984); *Marker v. State*, 692 P.2d 977 (Alaska App. 1984); *People v. Annan*, 665 P.2d 629 (Colo. App. 1983). *Contra People v. Dace*, 104 Ill.2d 96, 470 N.E.2d 993 (1984).

[3]*See State v. Kupau*, 63 Haw. 1, 620 P.2d 250 (1980); 75 Am. Jur. 2d *Trial* § 876 (1974).