**STATE OF HAWAII**, Plaintiff–Appellee, v. **DAVID L. PUKAHI**, Defendant–Appellant

NO. 13130

(CR. NO. 87–1715)

JUNE 14, 1989

LUM, C.J., NAKAMURA, PADGETT,
HAYASHI, AND WAKATSUKI, JJ.

OPINION OF THE COURT BY PADGETT, J.

This is an appeal from a conviction for attempted extortion in the second degree (Hawaii Revised Statutes (HRS) §§ 705–500 and 707–766(1)(a) and 707–764(1)(a)). On appeal, appellant complains of the giving of certain instructions. We hold appellant's claims of error to be without merit.

However, we will discuss the claim that terroristic threatening in the second degree is a lesser included offense with respect to extortion in the second degree.

HRS § 707–764(1)(a) reads as follows:

**Extortion.** A person commits extortion if he does any of the following:

(1) Obtains, or exerts control over, the property or services of another with intent to deprive him of the property or services by threatening by word or conduct to:

    (a) Cause bodily injury in the future to the person threatened or to any other person[.]

HRS § 707–766(1)(a) provides as follows:

**Extortion in the second degree.** (1) A person commits the offense of extortion in the second degree if he commits extortion:

    (a) Of property or services the value of which exceeds $50 during any twelve–month period[.]

HRS § 707–715(1) provides as follows:

**Terroristic threatening, defined.** A person commits the offense of terroristic threatening if he threatens, by word or conduct, to cause bodily injury to another person or serious damage to property of another or to commit a felony:

    (1) With the intent to terrorize, . . . another person[.]

HRS § 707–717 provides:

**Terroristic threatening in the second degree.** (1) A person commits the offense of terroristic threatening in the second degree if he commits terroristic threatening other than as provided in section 707–716.

HRS § 701–109(4) provides:

A defendant may be convicted of an offense included in an offense charged in the indictment or the information. An offense is so included when:

    (a) It is established by proof of the same or less than all the facts required to establish the commission of the offense charged; or

    (b) It consists of an attempt to commit the offense charged or to commit an offense otherwise included therein; or

    (c) It differs from the offense charged only in the respect that a less serious injury or risk of injury to the same person, property, or public interest or a different state

of mind indicating lesser degree of culpability suffices to establish its commission.

Here we are dealing with an attempt to extort. Appellant threatened the complaining witness with bodily harm unless he paid over $150 within a specified time.

Both terroristic threatening, under HRS § 707-715(1), and extortion, under HRS § 707-764(1)(a), may involve threats of bodily injury. However, in the case of terroristic threatening, the threat becomes a crime only when it is coupled with an intent to terrorize, or a reckless disregard of the risk of terrorizing, while in the case of extortion it becomes a crime only when it is coupled with an intent to deprive a person of property or services.

Appellant argues that a threat of bodily injury made to cause someone to pay over money, as in this case, necessarily includes an intent to terrorize, or, at the very least, a reckless disregard of the risk of terrorizing the person threatened, since the person making the threat intends, by the threat, to compel the person threatened, through fear, to comply with the demand for services or property.

Appellant's argument assumes that a threat of bodily injury, uttered for the purpose of causing someone to yield control of property or services, necessarily is also intended to terrorize, or is made in reckless disregard of the risk of terrorizing the recipient. That is not necessarily so. A jury could believe, in this case, that the threat, by appellant, to give the recipient black eyes, unless he paid a sum of money within a specified time, was made with the intent to require the recipient to pay over the money, and yet a jury could very well believe that such a threat was not made with the intent to terrorize, or even in reckless disregard of the risk of terrorizing the recipient.

With respect to HRS § 701-109(4)(c), we cannot say that terroristic threatening involves a less serious risk of injury to the person, who is the recipient of the threat, nor can we say that the state of mind indicates a lesser degree of culpability than in a case of extortion.

Accordingly, we hold that second degree terroristic threatening is not a lesser included offense of attempted extortion and therefore affirm the judgment below.

*Linda Ramirez* (*Susan Barr* on the brief), Deputy Public Defenders, for appellant.

*Patricia L. Goodness*, Deputy Prosecuting Attorney, for appellee.