**Electronically Filed
Intermediate Court of Appeals
CAAP-22-0000468
01-SEP-2023
07:47 AM
Dkt. 54 SO**

NO. CAAP-22-0000468

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee,
v.
JOHN SING, Defendant-Appellant

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CASE NO. 1CPC-19-0001722)

### SUMMARY DISPOSITION ORDER
(By: Hiraoka, Presiding Judge, Nakasone and Guidry, JJ.)

Defendant-Appellant John Sing (**Sing**) appeals from the Judgment of Conviction and Probation Sentence, entered by the Circuit Court of the First Circuit on July 5, 2022.[1] Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments advanced and the issues raised, we affirm.

Sing was charged by felony indictment with one count of Robbery in the Second Degree, in violation of Hawaii Revised

---

[1] The Honorable James S. Kawashima presided over the jury trial, and the Honorable Kevin T. Morikone presided over the sentencing.

Statutes (**HRS**) § 708-841(1)(a) (2014),[2] and one count of Harassment in violation of HRS § 711-1106(1)(a) (2014).  Sing pleaded guilty to the Harassment charge, and was sentenced to thirty days of incarceration.  His robbery charge proceeded to a jury trial.[3]

Sing raises three points of error on appeal.  Sing contends that: (1) the circuit court erred in instructing the jury on the included offense of Attempted Robbery in the Second Degree, pursuant to HRS §§ 705-500 (2014) and 708-841(1)(a) (2014); (2) his conviction for Attempted Robbery in the Second Degree is not supported by sufficient evidence; and (3) the circuit court erred by not granting his motion for mistrial, or issuing a curative instruction, following the prosecutor's alleged violation during her opening statement, of the circuit court's order granting Sing's motion in limine to exclude evidence of, *inter alia*, video footage of Sing's behavior on the night of his arrest.

---

[2]     Abraham Sionesini (**Sionesini**) was also charged, in the same felony indictment, with violating HRS § 708-841(1)(a) (2014).  In May 2021, the circuit court granted Sing's motion to sever his charges from Sionesini's.  Sionesini is not a party to this appeal.

[3]     The felony indictment provided, with respect to the charge for Robbery in the Second Degree,
> COUNT 1:   On or about November 18, 2019, in the City and County of Honolulu, State of Hawai‘i, ABRAHAM SIONESINI and JOHN SING, while in the course of committing theft, did use force against the person of Wesley Mau, a person who was present, with the intent to overcome Wesley Mau's physical resistance or physical power of resistance, thereby committing the offense of Robbery in the Second Degree, in violation of Section 708-841(1)(a) of the Hawai‘i Revised Statutes.

We resolve Sing's contentions of error as follows:

(1) Sing contends first that the circuit court erred by instructing the jury as to the included offense of Attempted Robbery in the Second Degree.[4] "When jury instructions or the omission thereof are at issue on appeal, the standard of review is whether, when read and considered as a whole, the instructions given are prejudicially insufficient, erroneous, inconsistent, or misleading." State v. Kinnane, 79 Hawaiʻi 46, 49, 897 P.2d 973, 976 (1995) (citation and emphasis omitted).

The circuit court did not err in instructing the jury as to Attempted Robbery in the Second Degree. The offense of

---

[4]    The circuit court read the following instruction to the jury, with regard to Attempted Robbery in the Second Degree,

> If and only if you find the defendant not guilty of Robbery in the Second Degree, or you are unable to reach a unanimous verdict as to this offense, then you must consider whether the defendant is guilty or not guilty of the included offense of Attempted Robbery in the Second Degree.
>          A person commits the offense of Attempted Robbery in the Second Degree if he intentionally engages in conduct which, under the circumstances as he believes them to be, constitutes a substantial step in the course of -- in a course of conduct intended to culminate in his commission of Robbery in the Second Degree.

There are two material elements of the offense of Attempted Robbery in the Second Degree, each of which the prosecution must prove beyond a reasonable doubt.
>          These two elements are:
>          1. That, on or about November 18, 2019, in the City and County of Honolulu, State of Hawaii, the defendant engaged in conduct which, under the circumstances as the defendant believed them to be, was a substantial step in a course of conduct intended by the defendant to culminate in the commission of Robbery in the Second Degree; and
>          2.  That the defendant engaged in such conduct intentionally.
>          Conduct shall not be considered a substantial step until it is strongly corroborative of the defendant's intent to commit Robbery in the Second Degree.

Attempted Robbery is an included offense of Robbery. See HRS § 701-109(4)(b) (Supp.2018) (an offense is included, *inter alia*, when it "consists of an attempt to commit the offense charged or to commit an offense otherwise included therein"). "[W]hen there is a rational basis in the evidence for a verdict acquitting the defendant of the offense charged and convicting the defendant of the included offense," the jury must be instructed on the included offense. State v. Martin, 146 Hawai'i 365, 387, 463 P.3d 1022, 1044 (2020), as corrected, (Apr. 23, 2020).

The offense of criminal attempt is set forth in HRS § 705-500. As relevant here, "[a] person is guilty of an attempt to commit a crime if the person . . . Intentionally engages in conduct which, under the circumstances as the person believes them to be, constitutes a substantial step in a course of conduct intended to culminate in the person's commission of the crime." HRS § 705-500(1)(b). In order to be considered a substantial step, the conduct must be "strongly corroborative of the defendant's criminal intent." HRS § 705-500(3).

The record reflects that Sing approached Mau alongside Sionesini, as Sionesini questioned Mau about his watch, and, upon Mau's refusal to surrender the watch to Sionesini, Sing punched Mau across the face. These actions support a jury's reasonable finding that Sing intentionally engaged in conduct

that, under the circumstances as he believed them to be, constituted a substantial step in a course of conduct intended to culminate in the commission of Robbery in the Second Degree. There was a rational basis in the evidence for the jury to find that Sing *attempted* to obtain or exert control over Mau's watch, and thus to convict Sing of the included offense of Attempted Robbery in the Second Degree.

We conclude that the circuit court did not err in instructing the jury on the included offense of Attempted Robbery in the Second Degree.

(2) Sing next contends that the record contains insufficient evidence to support his conviction for Attempted Robbery in the Second Degree. When reviewing the sufficiency of evidence on appeal, the court applies the following standard of review,

> [E]vidence adduced in the trial court must be considered in the strongest light for the prosecution when the appellate court passes on the legal sufficiency of such evidence to support a conviction; the same standard applies whether the case was before a judge or jury. The test on appeal is not whether guilt is established beyond a reasonable doubt, but whether there was substantial evidence to support the conclusion of the trier of fact.

State v. Kalaola, 124 Hawaiʻi 43, 49, 237 P.3d 1109, 1115 (2010) (citations omitted). "Substantial evidence" is "credible evidence which is of sufficient quality and probative value to enable a person of reasonable caution to support a conclusion." Id.

5

We conclude that there was sufficient evidence to support the jury's finding that Sing attempted to commit theft of Mau's watch, that he did so intentionally, and that he used force during the attempt. The evidence supports that Sing and Sionesini approached Mau, while Mau was seated on a bench in the Waikīkī Triangle Park. Mau testified that Sing and Sionesini approached him, "walking side by side," as Sionesini said, "I want your watch. Your watch. Give me your watch." Mau testified that Sionesini then once or twice "tried to put his finger and then pull" at the watch band on Mau's wrist, while Mau told him "no, you can't have my watch," and pulled his arm away. Mau further testified that Sing was "watching" Sionesini. Sing told Mau, "So what? You gonna call the police? You gonna call the police?" at which time Sing punched him, with his fist, "lightly across" the face.

Based on our examination of the record, we conclude that there was substantial evidence to support the jury's finding that Sing intentionally engaged in conduct which, under the circumstances as he believed them to be, constituted a substantial step in the course of conduct intended to culminate in his commission of Robbery in the Second Degree. The jury reasonably found, based on Mau's testimony, that Sing's punch constituted force intended to overcome Mau's physical resistance or physical power of resistance that occurred as part of the course of conduct by which Sing, together with Sionesini,

6

attempted to obtain or exert unauthorized control over Mau's watch. State v. Teale, 139 Hawaiʻi 351, 359, 390 P.3d 1238, 1246 (2017) ("[I]n reviewing the sufficiency of the evidence to support the conviction the appellate court must take that view of the evidence with inferences reasonably and justifiably to be drawn therefrom most favorable to the Government, without weighing the evidence or determining the credibility of the witnesses.") (citation omitted).

Viewing the evidence in the strongest light for the prosecution, we conclude that the record contained substantial evidence to support Sing's conviction for Attempted Robbery in the Second Degree.

(3) Sing contends, as his final point of error, that the circuit court erred in denying his motion for a mistrial. "The denial of a motion for mistrial is within the sound discretion of the trial court and will not be upset absent a clear abuse of discretion." State v. Rogan, 91 Hawaiʻi 405, 411, 984 P.2d 1231, 1237 (1999). "The trial court abuses its discretion when it clearly exceeds the bounds of reason or disregards rules or principles of law or practice to the substantial detriment of a party litigant." Id. (citations omitted).

Sing alleged below, as a basis for mistrial, that the State violated the circuit court's order granting Sing's motion

in limine,[5] when the prosecutor made two sets of remarks during opening statements in apparent reference to an officer's observation, based on closed-circuit television (CCTV) footage, of Sing's demeanor on the night of the alleged robbery attempt, as follows:

> That night Officer Osborne was monitoring the CCTV monitors and what caught her attention, she saw two men in the monitors in the area right next to McDonald's, which is on Kuhio just maybe one block Diamond Head of the Hyatt Hotel, you know, those two towers. And what she saw is two men, one in a black T-shirt, black shorts, the other in a red T-shirt, red shorts, having a face off with another individual. That caught her attention, these two men who seemed to have an aggressive stance with another person.
> . . .
> You'll hear from the officers at the scene. That's Officer Osborne who will describe how the defendant acted that evening, that he was belligerent, that he did not follow instructions.

The record reflects that Sing objected to the prosecutor's remark that Sing was "belligerent, that he did not follow instructions" and the circuit court sustained the objection.[6] The prosecutor's alleged misconduct was confined to these statements, and Sing makes no further allegations of prosecutorial misconduct.

The circuit court, after the jury was excused on the day opening statements were presented, further addressed the

---

[5] The circuit court granted Sing's motion in limine to exclude, *inter alia*, video evidence of Sing's behavior on the night of his arrest.

[6] Sing contends that his objection to the prosecutor's first set of remarks, regarding the "two men who seemed to have an aggressive stance with another person," was lodged with the court, though that objection is not reflected in the transcript.

matter of Sing's allegation of prosecutorial misconduct, and clarified the scope of his order granting the motion in limine,

> I just wanted to address the objection issue because I don't think I was -- I was not clear on this point. When I said that the State was kept -- was supposed to keep out the video for the 404(b) versus 404(a) considerations, I didn't extend that to everything about the belligerence later, but I am now, because I feel that defense's objections regarding the 404(a) evidence i.e., the idea that they're belligerent is character evidence that usually keep -- we keep out of in a 404(a) and is not sufficiently idiosyncratic to satisfy an exception under 404(b), so that's why I sustained that objection. And that is my ruling going forward to the rest of the trial.

After the circuit court made this clarification, Sing moved for a mistrial, contending that the State's opening statement violated the order granting Sing's motions in limine. The circuit court responded that "[m]otion for mistrial is lodged but denied," because the prosecutor's statement did not "rise[] to the level of requiring a mistrial, especially if as we proceed forward no evidence of that sort is adduced."

The circuit court further expressed that a curative instruction might not serve to cure the harm as intended,

> I have the general instruction that opening statements aren't evidence. If I were to issue a limiting instruction after that, in my mind that would draw attention to it in a way that would not necessarily cure the harm. It would, as a practical matter, draw attention to it.
> The opening statement said, after this evidence will be presented. It's going to be two days till that happens. And the key evidence will be Mr. Mau's testimony. Once that's out of the way, I don't see that there's a necessity for it, so I'm not going to issue a curative instruction. Your objection is noted, as is your motion for mistrial lodged and we'll take it from there.

We conclude that the circuit court did not abuse its discretion in denying Sing's motion for a mistrial, or in declining to issue a curative instruction. The circuit court

9

instructed the jury that counsels' opening statement remarks are not evidence, and the jury is presumed to have followed the circuit court's instructions.  State v. Hauge, 103 Hawaiʻi 38, 59, 79 P.3d 131, 152 (2003), as corrected, (Nov. 26, 2003).  ("This court has repeatedly adhered to the construct that the jury is presumed to have followed the circuit court's instructions.") (cleaned up).  The prosecutor's remarks, which were confined to two brief references to Sing's alleged behavior, did not deny Sing his right to a fair trial.  The circuit court did not err in declining to issue a curative instruction.

For the foregoing reasons, the Circuit Court of the First Circuit's Judgment of Conviction and Probation Sentence, entered on July 5, 2022, is affirmed.

DATED:  Honolulu, Hawaiʻi, September 1, 2023.

On the briefs:

Daniel Kawamoto,
for Defendant-Appellant.

Donn Fudo,
Deputy Prosecuting Attorney,
City and County of Honolulu,
for Plaintiff-Appellee.

/s/ Keith K. Hiraoka
Presiding Judge

/s/ Karen T. Nakasone
Associate Judge

/s/ Kimberly T. Guidry
Associate Judge