STATE OF HAWAII, Plaintiff-Appellee, v. TERRY LYNN SNEED, Defendant-Appellant

NO. 10597

(CR. NO. 8137(3))

MAY 14, 1986

LUM, C.J., NAKAMURA, PADGETT, HAYASHI AND WAKATSUKI, JJ

## OPINION OF THE COURT BY WAKATSUKI, J.

Defendant-appellant Terry Lynn Sneed was found guilty of theft in the first degree in violation of Hawaii Revised Statutes (HRS) § 708-831. Defendant appeals on two grounds: (1) the trial court committed plain error by failing to, *sua sponte,* instruct the jury as to lesser included offenses of theft; and (2) the trial court erred in refusing his requested jury instruction on circumstantial evidence. We affirm.

I.

Defendant contends that the trial court committed plain error when it failed to instruct the jury on lesser included offenses of theft in the first degree even though he did not request such an instruction. In other words, the trial court was duty bound to give an instruction on lesser included offenses of theft. At trial, defendant's defense was a flat denial of committing the theft of any beer. He now contends that the evidence presented at trial indicates not only a possible first degree theft but also a possible second or third degree theft, and therefore, the trial court was duty bound to instruct the jury on the lesser included offenses. The basis for defendant's contention is that the evidence adduced at trial was

conflicting, and that defendant could have had anywhere from over thirty (30) cases, or over ten (10) cases, or about four and a half (4½) cases, or four (4) cases of beer in his truck on the night of August 3, 1984, in addition to five or six cases of empty beer cans. Thus, there was doubt as to whether the amount of beer defendant was accused of stealing exceeded $200.00, and whether the cases of beer seen in defendant's truck were nothing more than cases of empty beer cans.

## II.

The only defense advanced by the defendant to the charge of theft in the first degree was a flat denial of committing the theft as charged. There is nothing in evidence to support any other defense or theories of defense to the charge, nor did defendant request any instructions on any other defense or theories of defense which may be supported by some evidence. Defendant's reliance on *State v. O'Daniel,* 62 Haw. 518, 616 P.2d 1383 (1980) and *State v. Warner,* 58 Haw. 492, 573 P.2d 959 (1977) in support of his contention, therefore, is misplaced. The rule allowing the trial court to instruct the jury on every defense or theory of defense having any support in the evidence cannot be relied on by the defendant because a lesser included offense is not a defense or theory of defense to the charge of theft in the first degree.[1] *See* HRS § 701-109(1)(a) & (4).

What is applicable here is HRS § 701-109(5).[2] The issue then is whether there was a rational basis in the evidence for a verdict acquitting the defendant of the offense charged and convicting him of the included offense. We conclude that there was none.

HRS § 701-109(5) is the codification of the doctrine of the lesser included offense. "The doctrine evolved historically as an aid to the prosecution when there was a failure of proof of all the elements necessary for a conviction of the accusation." Barnett, *The Lesser-Included Offense Doctrine: A Present Day Analysis for Practitioners,* 5

---

[1] A defense is a fact or set of facts which negatives penal liability. HRS § 701-115(1).

[2] HRS § 701-109 in relevant part states:

(5) The court is not obligated to charge the jury with respect to an included offense unless there is a rational basis in the evidence for a verdict acquitting the defendant of the offense charged and convicting him of the included offense.

Conn. L. Rev. 255, 255 (1972) (footnote omitted). "From a defendant's point of view, it provides the jury with an alternative to a guilty verdict on the greater offense." Note, *The Lesser Included Offense Doctrine in Pennsylvania: Uncertainty in the Courts*, 84 Dick. L. Rev. 125, 126 (1979) (footnote omitted).

The direct evidence adduced at trial was substantial and convincing. Glenn Vierra testified that he saw more than ten (10) cases of beer in defendant's pickup truck on the night of August 3rd, and that defendant told William Thomas the beer was from a container at work. Thomas testified that on the same night he saw thirty (30) or more cases of beer in defendant's truck. He further testified that the defendant said he "ripped off" the beer and planned to go back for the rest. Furthermore, Thomas turned over to the investigating detective a tray with product code number markings 206FF which he said came from the beer he received from the defendant that Friday night. It was undisputed that the beer with the product code number 206FF came from the sealed container. In view of the evidence in the record, we conclude there was no rational basis in the evidence for a verdict acquitting the defendant of the offense charged and convicting him of a lesser included offense. Under HRS § 701-109(5), we hold that the prosecution as well as defendant may request an instruction on a lesser included offense if there is a rational basis in the evidence for a verdict acquitting the defendant of the offense charged and convicting him of the lesser included offense. Here, there was no "rational basis" to support a request for such an instruction, but furthermore, under Hawaii Rules of Penal Procedure Rule 30(a), defendant cannot now claim error as he made no request for such an instruction. The trial court did not commit plain error by failing to, *sua sponte*, give an instruction on the lesser included offenses.

### III

Defendant's other contention is without merit.
Affirmed.
*David K Kuwahara* (*Richard W. Pollack* with him on the briefs), Public Defender, for defendant-appellant.
*Artemio C. Baxa* (*Diane L. Ho* with him on the brief), Deputy Prosecuting Attorney, for plaintiff-appellee.