**NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER**

**Electronically Filed
Intermediate Court of Appeals
CAAP-24-0000293
17-JUN-2025
08:30 AM
Dkt. 77 SO**

NO. CAAP-24-0000293

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


STATE OF HAWAI'I, Plaintiff-Appellee, v.
DIAMOND PA, also known as DIAMOND SUKA, Defendant-Appellant


APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CR. NO. 1CPC-22-0000216)


SUMMARY DISPOSITION ORDER
(By: Leonard, Acting Chief Judge, Wadsworth and McCullen, JJ.)

Defendant-Appellant Diamond Pa, also known as Diamond Suka (**Pa**), appeals from the March 14, 2024 Judgment of Conviction and Sentence (**Judgment**) entered by the Circuit Court of the First Circuit (**Circuit Court**).[1]

The case arose from a June 28, 2021 incident at an Amelia Street home (**Kishi Residence**) in the Kalihi neighborhood of Honolulu. Plaintiff-Appellee State of Hawai'i (**State**) charged Pa with one count of Burglary in the First Degree (**Burglary 1**), in violation of Hawaii Revised Statutes (**HRS**) § 708-810(1)(c)

---

[1] The Honorable Kenneth J. Shimozono presided at trial. The Honorable Ronald G. Johnson presided at delivery of the jury's verdict. The Honorable Trish K. Morikawa presided at sentencing, and entered the Judgment.

(2014).[2]  At trial, the Circuit Court instructed the jury on lesser included offenses of Burglary in the Second Degree (**Burglary 2**), in violation of HRS § 708-811(1) (2014)[3], and Unauthorized Entry in a Dwelling in the Second Degree (**UED 2**), in violation of HRS § 708-812.6(1) (2014).[4]  The jury acquitted on Burglary 1, but convicted on Burglary 2 and UED 2.  The Circuit Court sentenced Pa to a five-year term of incarceration.  The Circuit Court then "note[d] that the UED 2 merges with the [Burglary] 2, so [Pa's] final charge will be [Burglary] 2."

Pa raises two points of error on appeal, contending the Circuit Court erred by:  (1) instructing the jury on the lesser included offense of Burglary 2; and (2) violating Pa's due process right to presentence allocution.

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the issues raised and the arguments advanced by the parties, we resolve Pa's points of error as follows:

---

[2]      **§ 708-810  Burglary in the first degree.**  (1) A person commits the offense of burglary in the first degree if the person intentionally enters or remains unlawfully in a building, with intent to commit therein a crime against a person or against property rights; and:

.  .  .  .

(c)   The person recklessly disregards a risk that the building is the dwelling of another, and the building is such a dwelling.

[3]      **§ 708-811  Burglary in the second degree.**  (1) A person commits the offense of burglary in the second degree if the person intentionally enters or remains unlawfully in a building, with intent to commit therein a crime against a person or against property rights.

[4]      **§ 708-812.6  Unauthorized entry in a dwelling in the second degree.**  (1) A person commits the offense of unauthorized entry in a dwelling in the second degree if the person intentionally or knowingly enters unlawfully into a dwelling and another person was lawfully present in the dwelling.

2

Pa argues that the Circuit Court's instruction on Burglary 2 as an included offense was not supported by a rational basis in the evidence adduced at trial and the Circuit Court erred in allowing the jury to acquit Pa of Burglary 1, but convict him of Burglary 2. Pa argues that, under the circumstances here, the difference between Burglary 1 and Burglary 2 essentially comes down to where the crime happened.

Under HRS § 708-810(1)(c), Burglary 1 requires proof that the defendant recklessly disregarded a risk that the subject building is the dwelling of another, and the building is such a dwelling. The difference between that offense and Burglary 2 is that Burglary 2 does not require a dwelling. However, here, there was ample evidence that the Kishi residence was in fact a dwelling, including the testimony of four Kishi family members that this was their family home, Pa's own reference to the building as a house, and the testimony of a police detective that every building on Amelia Street was residential. Pa did not challenge the proof that the building was a dwelling. Rather, his defense and testimony was that he only knocked on the screen door, he heard a TV on inside, and an older gentleman came to the door, but Pa did not enter the house.

We conclude that there was no rational basis for the jury to acquit Pa of intentionally entering a dwelling, recklessly disregarding the risk that it was a dwelling, with the intent to commit a crime inside, but then convict him for unlawfully entering the same building with the same criminal intent. Cf. State v. Flores, 131 Hawaiʻi 43, 53, 314 P.3d 120,

130 (2013) (analyzing whether there was a rational basis to acquit of one offense but convict of a lesser included offense); State v. Sneed, 68 Haw. 463, 464, 718 P.2d 280, 281-82 (1986) (propriety of instructing on lesser included defense depends on whether there is a rational basis to acquit of charged offense, but convict of included offense). Thus, we conclude that the Circuit Court erred when it instructed the jury to consider Burglary 2 an included offense to Burglary 1.

The State argues that, even if such error occurred, the case should be remanded to the Circuit Court to dismiss the Burglary 2 conviction and to reinstate the UED 2 conviction, citing State v. Deguair, 139 Hawaiʻi 117, 119, 119 n.4, 384 P.3d 893, 895, 895 n.4 (2016). The State submits that there was a rational basis for giving the UED2 instruction because the jury could have rationally concluded that Pa did not intend to commit a crime therein against a person or property rights because it is undisputed that nothing was taken from the home. We conclude that this argument has merit. See id.; see also State v. Timoteo, 87 Hawaiʻi 108, 109, 119, 952 P.2d 865, 866, 876 (1997).

Therefore, we vacate the Circuit Court's March 14, 2024 Judgment, remand this case to the Circuit Court, and direct the Circuit Court to reinstate Pa's conviction on UED 2 and resentence Pa. See Deguair, 139 Hawaiʻi at 129, 384 P.3d at 905 (applying same remedy). Accordingly, as Pa will be resentenced on remand, we need not reach Pa's second point of error

4

concerning whether the Circuit Court violated his right of allocution before sentencing.

DATED:  Honolulu, Hawaiʻi, June 17, 2025.

On the briefs:

Benjamin Lowenthal,
Deputy Public Defender,
for Defendant-Appellant.

Robert T. Nakatsuji,
Deputy Prosecuting Attorney,
for Plaintiff-Appellee.

/s/ Katherine G. Leonard
Acting Chief Judge

/s/ Clyde J. Wadsworth
Associate Judge

/s/ Sonja M.P. McCullen
Associate Judge